PER CURIAM.
 

 Sara O’Connell appeals the trial court’s entry of final summary judgment in favor of Martin County on her complaint seeking invalidation of a referendum approving an ad valorem tax exemption ordinance. She claims that the ballot title did not include
 
 *465
 
 the name by which the ordinance was commonly referred to, and that the summary was misleading. She also claims that the court denied her due process by considering a memorandum of legal argument submitted by the County six days prior to the hearing. We affirm on all issues.
 

 While our standard of review of a proposed amendment referendum is de novo, “[a] court may declare a proposed ... amendment invalid only if the record shows that the proposal is clearly and conclusively defective.”
 
 Armstrong v. Harris,
 
 773 So.2d 7, 11 (Fla.2000).
 

 O’Connell asserts that the ballot title set forth in the Resolution,
 
 “ECONOMIC DEVELOPMENT INCENTIVE AD VALOREM TAX
 
 EXEMPTION,” does not comply with the mandate of section 101.161(1), Florida Statutes, requiring a ballot title to use common language. Section 101.161(1), requires that ballot titles “consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.” The referendum was referred to in public discourse as a “Tax Abatement Referendum” or “Jobs Referendum” in advertisements supporting the measure. O’Connell further maintains that the ballot summary is misleading, because it speaks of allowing Martin County to “encourage job creation,” when the true purpose and effect of Ordinance 864 is to encourage development. Section 101.161(1) provides: “The ballot summary of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure.” The trial court held, and Martin County argues, that the primary legal effect of the ordinance is job creation, as new and expanding businesses create new jobs, and the ballot title and summary provided fair notice of this effect.
 

 The “Court has always interpreted section 101.161(1) to mean that the ballot title and summary must be read together in determining if the ballot information properly informs the voter.”
 
 Advisory Opinion to the Atty. Gen. Re: Casinos,
 
 644 So.2d 71, 75 (Fla.1994). As explained by the supreme court, the ballot and summary should not mislead or commit a fraud on the voters:
 

 The purpose of a ballot title and summary is “to provide fair notice of the content of the proposed amendment so that the voter will not be misled as to its purpose, and can cast an intelligent and informed ballot.” To comply with the requirements of law, the ballot language “must state the chief purpose of the proposed amendment.” This Court has explained that the ballot must “advise the voter sufficiently to enable him intelligently to cast his ballot.” While the ballot title and summary must state in clear and unambiguous language the chief purpose of the measure, they need not explain every detail or ramification of the proposed amendment. The ballot language must, however, give “the voter fair notice of the decision he [or she] must make.”
 

 ... In assessing the ballot title and summary, the reviewing court should ask two questions: First, whether the ballot title and summary “fairly inform the voter of the chief purpose of the amendment,” and second, “whether the language of the title and summary, as written, misleads the public.”....
 

 ... The proposed amendment “must stand on its own merits and not be disguised as something else.” “A ballot title and summary cannot either ‘fly under false colors’ or ‘hide the ball’ as to the amendment’s true effect.”
 

 
 *466
 

 Fla. Educ. Ass’n v. Florida Dep’t. of State,
 
 48 So.3d 694, 700-01 (Fla.2010) (citations omitted).
 

 Based upon these standards, the ballot title and summary comply with the statutory requirements. The title informs voters that the ordinance is for economic development, and the ordinance was enacted to take advantage of section 196.1995, Florida Statutes, which allows up to a 10-year exemption of up to 100 percent of the assessed value of improvements to real property and tangible personal property to both new businesses and expansions of existing businesses that meet certain minimum job creation requirements. The title “Economic Development Incentive Ad Va-lorem Tax Exemption” correctly informs the voter that the measure is an ad valo-rem tax exemption, as an incentive for economic development. The title also is nearly identical to the title of section 196.1995, which is “Economic development ad valorem tax exemption.” While it appears that this particular ordinance was referred to by several different names in the public, the ballot title does not mislead the public as to the true and chief purpose of the amendment.
 

 As to the ballot summary, the trial court held that the primary legal effect of the ordinance is job creation, because new and expanding businesses create new jobs, and the ballot summary provided fair notice of this effect. We agree with that conclusion and do not accept the conclusion that the real purpose is land development. While not all ramifications and explanations are contained, the summary does not have to contain all of the details of the ordinance and probably could not within the word limitation of the summary.
 
 Fla. Educ. Ass’n,
 
 48 So.3d at 700. The ballot title and summary fairly inform the voters of the chief purpose of the ordinance and do not commit a fraud on the public. Therefore, under the standards enunciated by the supreme court, they were sufficient to place before the voters.
 

 Finally, on the procedural issue raised, no denial of due process occurred when the County submitted its memorandum of law on the cross motions for summary judgment six days prior to the hearing. The county’s timely-filed motion for summary judgment alleged that the ballot title and summary comply with state statute as a matter of law. The memorandum of law in support of the motion simply provided case citations and legal argument in support of this ground for judgment. No new ground for relief was stated in the motion. The rules do not require the county to submit a memorandum of law at all, and no rule or case holds that nearly a week’s notice of the legal authorities upon which a party intends to rely is a denial of due process to the opposing party.
 

 Affirmed.
 

 WARNER, STEVENSON and CONNER, JJ., concur.